## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| PEPPINO SANTOS GRAMYKO EARTHMAN,<br><br>Plaintiff,<br><br>v.<br><br>BRANDY NICOLE BELL,<br><br>Defendant. | Case No. 18-CV-1904 (DSD/SER)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Peppino Santos Gramyko Earthman accuses defendant Brandy Nicole Bell of accessing his medical records without his permission in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). Earthman did not pay the filing fee for this action but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Earthman qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant files a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a

1

claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Earthman's claim under HIPPA runs into an insuperable barrier: HIPPA does not create a private right of action. *See, e.g.*, *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Adams v. Eureka Fire Prot. Dist.*, 352 Fed. App'x 137, 139 (8th Cir. 2009) (per curiam). Simply put, Earthman may not seek relief from Bell under HIPPA. Nor can Earthman compel the government to prosecute Bell for her alleged HIPPA violations. *See, e.g.*, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Earthman's claim under HIPPA may therefore be dismissed with prejudice, as Earthman will not be able to recast his complaint in such a way as to overcome the bar on private actions brought under HIPPA.

Because Earthman is acting pro se, his complaint is entitled to a liberal interpretation. Although relief is not available to Earthman under federal law, the actions

described by Earthman in the complaint may perhaps entitle him to relief under state tort law on a cause of action related to invasion of privacy. *See, e.g.*, *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn. 2003) (describing invasion-of-privacy causes of action under Minnesota law). Because any such claim would arise under state law, however, 28 U.S.C. § 1331 would not provide a basis for original jurisdiction over any such claim. Earthman does not allege that the parties are of diverse citizenship, and thus 28 U.S.C. § 1332(a) would not provide a basis for original jurisdiction, either. Finally, the Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Accordingly, it is recommended that any state-law causes of action implied by the complaint be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED as follows:

    a. The claim of plaintiff Peppino Santos Gramyko Earthman brought under the Health Insurance Portability and Accountability Act of 1996 be DISMISSED WITH PREJUDICE.

    b. Any implied state-law claims be DISMISSED WITHOUT PREJUDICE.

3

2.  Earthman's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: August 17, 2018                          s/ *Steven E. Rau*
                                                Steven E. Rau
                                                U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).